IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT PARKERSBURG

UNITED STATES OF AMERICA

v.                                        CRIMINAL NO. 6:06-00196

MARTHA SANCHEZ-PINO

<u>MEMORANDUM OPINION AND ORDER</u>

At a hearing held on August 11, 2008, the defendant appeared in person and by counsel, George J. Cosenza, and the United States appeared by R. Booth Goodwin II, Assistant United States Attorney, for the purpose of considering the pretrial diversion agreement reached by the parties.

Under the parties' agreement, defendant will be under the supervision of a federal probation officer for a period of twelve (12) months, during which time she must comply with the conditions set by the probation officer and set forth in the agreement.  If defendant violates the conditions of her supervision, the United States may modify any of the conditions or void the agreement and resume prosecution of the defendant.  Upon successful completion of the period of supervision, the defendant will not be prosecuted in this district for the offenses set forth in the indictment.

The court noted that the decision of whether a particular defendant may participate in a pretrial diversion program is entrusted to the United States Attorney.  See <u>United States v. Richardson</u>, 856 F.2d 644, 647 (4th Cir. 1988).  "Like other

prosecutorial decisions, the government has broad discretion in determining which defendants are best suited for pretrial diversion." Id. (citing Wayte v. United States, 470 U.S. 598 (1985)).  As such, these decisions are ill-suited to judicial review, and courts should be hesitant to examine the government's decision whether to prosecute.  Richardson, 856 F.2d at 647 (quoting Wayte, 470 U.S. 598).

Counsel for the defendant requested that the court consider the time defendant has been on bond thus far as satisfying the agreement's requirement that she be supervised for a period of twelve months.  This the court denied, concluding that it was incumbent upon the court to approve the agreement as entered into, with the twelve-month supervision period commencing August 11, 2008.  After confirming that the defendant had no objection, the court APPROVED the agreement as stated.  The defendant was then released on her previously executed personal recognizance bond and subject to the requirements of the pretrial diversion agreement.

The Clerk is directed to file the Agreement for Pretrial Diversion as an attachment to this Memorandum Opinion and Order, and to send a copy of both documents to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Office of this court.

It is SO ORDERED this 12th day of August, 2008.

ENTER:

David A. Faber
United States District Judge

2